DECISION
This appeal concerns the 2006-07 real market value (RMV) of certain residential property, identified as Account 1747433 and more fully described below.
A trial was held January 28, 2008. David E Carmichael, Attorney at Law, represented Plaintiffs. Kenneth Hochstein (Hochstein) testified as a witness. Representing Defendant was appraiser Bryce Krehbiel.
 I. STATEMENT OF FACTS
The subject property is a single-family residence located at 2889 Blacktail Drive in Eugene. Following completion in 2006, the improvements total 3,961 square feet of finished area with five bedrooms and four baths. For the 2006-07 tax year, Defendant valued the property at $313,820 RMV. Upon review, that value was reduced to $271,080 by the Lane County Board of Property Tax Appeals (BOPTA). Plaintiffs have appealed to this court and seek a reduction[1] in the RMV of the improvements. *Page 2 
Plaintiffs cited their construction of this home over a span of time that included the January 1, 2006, assessment date. The parties agree the improvements were 27 percent complete as of that date. The parties also agree as to the land's RMV at $118,080 as of the assessment date.
Plaintiffs' chief evidence consisted of a summary of actual costs incurred during construction. Hochstein is a contractor by trade and was responsible for the building of his own home. He testified the total hard costs involved with the improvements were $384,998. To that amount, he added 10 percent for a "typical builder's fee" and entrepreneurial profit. That yielded a total estimated construction cost of $423,498 as fully complete. At 27 percent done as of the assessment date, the improvements would be at $114,345 RMV.
Defendant's appraiser mentioned certain sales transactions that occurred during 2006 and 2007, substantially after the assessment date at issue. He did not place major reliance upon that information. Instead, he testified that he relied on data related to two loans executed by Plaintiffs and secured by the subject property. He contended those loans, which total $825,000, should be used as the basis for the property as complete. The loans were with a mortgage company and executed in February of 2007. He urged the court to subtract the 2007-08[2] land assessment from that total to get an improvement residual of $659,126. When 27 percent completion multiplier is applied, the computation yields $177,964. That, Defendant contends, is the improvements' 2006-07 RMV. Although that is higher than the BOPTA value, [3] he recommended no change. *Page 3 
 II. ANALYSIS
Several undisputed points stand out in this appeal. First, the subject property was 27 percent complete as of the assessment date. Second, the 2006-07 land value was $118,080. Third, the only missing piece to the assessment equation is the RMV of the structure as complete.
The key question, then, is to what base RMV should the 27 percent figure be applied? Plaintiffs argue it should be the modified cost figure. Defendant suggests it should be from the $825,000 total in bank loans, as that relates to the market itself.
The bank loans have no supporting details in this record. There are no appraisal documents. There were no witnesses to testify as to the details of the transactions. There is not sufficient information to place reliance on the $825,000 conclusion derived by an unknown person through unclear processes.
The cost figures, as modified for typical profits, are more relevant to the issue in the appeal. They were supported by sworn testimony and survived Defendant's cross-examination. No serious challenges were made.
When dealing with the construction of new homes and partial completion on the assessment dates, it is common to rely on cost data. Bohlin v.Lane County, TC-MD No 060249D (Sept 27, 2006). There is rarely a market for partially completed structures. Watkins v. Dept. of Rev.,14 OTR 227, 229 (1997).
After evaluating the available evidence, the court concludes that, at 100 percent complete, the RMV of the improvements was $423,498, consistent with the modified cost figures. That allocation is reduced to $114,345 when the agreed 27 percent completion factor is applied. That is fully supportive of the amounts alleged in Plaintiffs' amended pleadings. *Page 4 
In these appeals, a preponderance of the evidence is required to sustain the burden of proof. "That burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427.[4] Plaintiffs have clearly met that requirement.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the 2006-07 RMV of the subject property shall be reduced to $232,425, with $118,080 allocated to land and $114,345 to improvements.
Dated this _____ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February13, 2008. The Court filed and entered this document on February 13,2008.
[1] The original relief requested in the Complaint was $210,000; that was amended at trial to $232,425.
[2] Uncontested by the parties for the subsequent year at $165,874,
[3] $153,000 RMV.
[4] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1